IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA SIMONE MCBRIDE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security[1] | : | NO. 19-4097 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                               January 15, 2020

Christina Simone McBride ("Plaintiff") seeks review of the Commissioner's decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"), claiming that the Administrative Law Judge ("ALJ") erred in (1) failing to obtain a knowing and valid waiver of Plaintiff's right to representation, and (2) finding Plaintiff's physical impairments to be non-severe. Doc. 11 at 2. The Commissioner has responded with an uncontested motion requesting remand to allow further development of the record and further evaluation of Plaintiff's disability claims. Doc. 12 at 1.[2] After reviewing the Plaintiff's brief, Defendant's motion, and the administrative record, I agree the remand is appropriate.

---

[1] Andrew Saul became the Commissioner of Social Security ("Commissioner") on June 17, 2019, and should be substituted for the former Acting Commissioner, Nancy Berryhill, as the defendant in this action. Fed. R. Civ. P. 25(d).

[2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

The record establishes that Plaintiff appeared at her hearing without representation and explained that she had been unable to find an attorney to take her case. Tr. at 26. The ALJ did not inform Plaintiff of the benefits of having counsel, did not ask her why she could not find counsel, did not discuss the possibility of finding counsel, and did not offer her a continuance. Id. at 27-33. Moreover, the ALJ incorrectly informed Plaintiff that "[t]he only way you can get more time to get a representative is if you withdraw this appeal and take the time to find a representative and then file another application." Id. at 27. As a result, Plaintiff agreed to waive her right to representation. Id. This lack of representation left gaps in the medical record, which the ALJ acknowledged in his medical summary. Id. at 18.

With regard to Plaintiff's physical impairments, the ALJ concluded that Plaintiff's medically determinable impairments of diabetes mellitus and disorders of the back were not severe, and therefore that Plaintiff did "not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities." Tr. at 16. The ALJ made this finding at step two of the five-step sequential evaluation even though David Ferner, D.O., and Greg Grabon, M.D. -- the only two medical opinions of record -- both opined that Plaintiff had limitations in her ability to perform basic work activities, see id. at 39-40, 51-52, 344-47, and even though the ALJ explicitly found both of their opinions to be "persuasive." Id. at 19.

Accordingly, I will grand the motion to remand. An appropriate Order and Judgment Order follow.